GRAND TRUNK RY. CO. v. CENTRAL VERMONT R. CO.

(Circuit Court, D. Vermont. December 3, 1898.)

INTERVENTION—WHEN ALLOWED.

> Where a common creditor had joined in an action against an insolvent, leave to intervene in foreclosure pending against the insolvent to defend against the mortgage will not be granted where the application is not founded on any statement of defense to the mortgages not set up by the mortgagor, or on any evidence in support of a defense set up by the mortgagor that could be introduced if the motion was granted.

In Equity.

John C. Coombs and W. H. Leonard, for the motion.

Elmer P. Howe, Henry Crawford, Michael H. Cardozo, Charles M. Wilds, and Benj. F. Fifield, opposed.

WHEELER, District Judge. This cause has now been heard on motion of the National Bank of Redemption, a common creditor, that has joined as plaintiff in the original cause, for leave to intervene in foreclosures pending herein, and defend against the mortgages. The application is not founded upon, nor accompanied by, any allegation or statement of any defense to the mortgages, or either of them, not set up by the mortgagor; or of any evidence, or that any exists, in support of any defense set up by the mortgagor, that might be introduced if this motion should be granted. According to the statements of counsel at the argument, the only defense for which foundation is known by them is that the mortgages are ultra vires. This defense arises upon the surface of the proceeding, and may be urged at the final hearing by any party allowed to be heard, as any party interested, apparently, in fairness, if not of strict right, should be. No reason is made to appear warranting granting the motion, with its consequent delay. Motion denied.